**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BEKNAZAR MAIRAMBEKOV, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 26-cv-01573 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| | ) | |
| SAM OLSON, Chicago Field Office Director, | ) | |
| U.S. IMMIGRATION AND CUSTOMS | ) | |
| ENFORCEMENT, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Beknazar Mairambekov brings a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the Court grants Mairambekov's petition [1]. Respondents are ordered to immediately release Mairambekov from custody. The Court further orders that Respondents provide Maraimbekov with a bond hearing pursuant to the process outlined in 8 U.S.C. § 1226(a) within five calendar days of this Order.

I.      **Background**

Mairambekov is a native and citizen of Kyrgyzstan. On May 9, 2023, Mairambekov presented himself for inspection at the port of entry through the CBP One humanitarian parole process. He was lawfully paroled into the United States an issued a Form I-94 authorizing his stay through May 7, 2024. In November 2023, Mairambekov timely filed an application for asylum. After filing his asylum application, he provided biometric data, including his fingerprints, to U.S. Citizenship and Immigration Services ("USCIS"). In July 2024, Mairambekov was granted a five-year employment authorization. He established a fixed residence in the northwest Chicago suburbs of Hoffman Estates, Illinois, where he pays taxes and works as a licensed truck driver.

1

The Chicago Immigration Court set Mairambekov's Master Hearing for March 21, 2028. In the interim, Immigration and Customs Enforcement ("ICE") issued a notice directing Mairambekov to report to ICE in the western suburb of Broadview, Illinois, for a routine check-in on February 11, 2026. As instructed, Mairambekov reported to the Broadview office. Despite appearing as instructed, ICE arrested and detained Mairambekov without giving any justification. Mairambekov has no history of failing to appear, no criminal record, and has remained in compliance with all immigration court requirements while pursuing his asylum claim. Following his arrest, he was taken to Clay County Jail in the southern corner of Indiana.

Mairambekov filed the instant petition while in custody at Broadview, Illinois on February 11, 2026. He claims that his detention is unconstitutional under the Due Process Clause of the Fifth Amendment and the Suspension Clause, and that his detention violates the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1101 *et seq.*

## II.     Discussion

As a threshold matter, because Mairambekov was in custody in Illinois when he filed his Petition, this Court may properly hear the petition, *see Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004)). His subsequent transfer to Indiana did not deprive this Court of jurisdiction to hear his petition. *In re Hall*, 988 F.3d 376 (7th Cir. 2021).

Respondents raise the same jurisdictional arguments that have been rejected by courts across the U.S., including courts within this District. This Court reached the same conclusion in *H.G.V.U. v. Smith,* No. 25-cv-10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025). For the same reasons stated therein, the Court concludes that 8 U.S.C. § 1252(a)(2)(B)(ii), § 1252(b)(9), and § 1252(g) do not strip district courts of jurisdiction over habeas petitions for detention hearings. Therefore, this Court has jurisdiction to hear Mairambekov's habeas petition.

Respondents claim that Mairambekov's case is unusual and distinct from others in this district—but it is not. The core issue is the same. Respondents argue that Mairambekov, as an "applicant for admission," is subject to detention under § 1225(b)(2)(A). Their position squarely contradicts Supreme Court and Seventh Circuit precedent. The Supreme Court stated that § 1225 authorizes detention of "certain aliens seeking admission into the country," while § 1226 authorizes detention of "certain aliens already in the country pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). This is the "default rule" for the discretionary detention of noncitizens "already present in the United States" such as Mairambekov. *Id.* at 303. The Respondents continue to cite *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), to support their claim that noncitizens not "admitted" into the United States are "not eligible for bond hearings" because they "fit into the statutory definition of 'applicant[s] for admission.'" (Dkt. 10) at *3. This Court joined an overwhelming majority of courts in rejecting the BIA's position in *Yajure Hurtado* as incorrect as a matter of law. *See H.G.V.U.*, 2025 WL 2962610 at *5. The Court finds no reason to depart from its prior conclusion.

Since the time this Court ruled in *H.G.V.U.*, the Seventh Circuit has weighed in on whether § 1225 or § 1226 applies to noncitizens who are detained while in the United States rather than at the border. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025). The Seventh Circuit, consistent with *Jennings*, concluded that § 1226 applies to noncitizens who are already present in the United States. It found that "while a noncitizen arrested in the Midwest might qualify as 'an alien present in the United States who had not been admitted,'" the mandatory detention provision "limits its scope to an 'applicant for admission' who is 'seeking admission.'" *Id.* at 1061 (citing § 1225(b)(2)(A)). The Seventh Circuit also rejected Respondent's argument that "an 'applicant for admission' is synonymous with a person 'seeking admission,'" because "one cannot apply for something without also seeking it." *Id.* The Seventh Circuit reasoned that to consider the two phrases

3

synonymous "would render § 1225(b)(2)(A)'s use of the phrase 'seeking admission' superfluous, violating one of the cardinal rules of statutory construction." *Id.* (internal citation omitted). The statute does not say that § 1225(b)(2)(A) governs detention for all "applicants for admission." It applies to "alien[s] seeking admission." This Court acknowledges that, despite the Supreme Court's ruling in *Jennings* regarding the application of § 1226, some lower courts declined to follow this standard. The Fifth Circuit determined that *Jennings* only provides a "general description" on this point and does not refute the government's view that § 1225(b) should be applied instead of § 1226. *Buenrosto-Mendez v. Bondi*, __ F.4th __ 2026 WL 323330, at *7 (5th Cir. Feb. 6, 2025). More recently, district courts in Illinois and Florida ruled that *Jennings* is not a controlling standard and further labelled *Jennings* to be out-of-context dicta. *See Rodriguez v. Olson*, __ F. Supp. 3d __, 2026 WL 63613, at *8 (N.D. Ill. Jan. 8, 2026) (Pacold, J.); *Lopez v. Dir. of Enforcement and Removal Operations*, __ F. Supp. 3d __, 2026 WL 261938, at *11 (M.D. Fla. Jan. 26, 2026) (Pratt, J.). Despite those outlier decisions, this Court emphasizes that Mairambekov has been present in the United States for nearly three years, is far past the point of "seeking admission." Under binding precedent, he is therefore subject to discretionary detention under § 1226(a) and entitled to a bond hearing before an immigration judge, at which he may "secure his release" if he shows that "he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019).

Further, denial of a bond hearing violates his procedural due process. The Due Process Clause of the Fifth Amendment applies to noncitizens, "whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Government detention in immigration proceedings may violate that Clause except "in certain special and narrow nonpunitive circumstances where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Id.* at 690 (cleaned up). Having found that § 1226(a) applies to Mairambekov, this Court concludes that he is entitled to an individualized bond hearing as provided

4

therein. *See Salazar v. Dedos,* No. 25-cv-00835, 2025 WL 2676729, at *5 (D.N.M. Sept. 17, 2025); *see also G.Z.T., C.A.G.Z., and N.C.G.Z. v. Smith et al,* No. 25-cv-12802 (N.D. Ill. Oct. 21, 2025) (finding that detention without individualized bond hearing before an immigration judge amounts to a due process violation). Unless Respondents show by clear and convincing evidence that Mairambekov poses a danger to the community or poses a risk of flight, his detention amounts to a violation of due process. *See Salazar,* 2025 WL 2676729, at *8–9.

**CONCLUSION**

Mairambekov arrived in the United States seeking safety and liberty through humanitarian parole and asylum. Over the last three years he has built a life residing and working in Illinois. He has no criminal history, nor is there any indication he poses any danger to the community. He followed the designated procedures for entry into the United States and diligently complied with each obligation required of him under immigration law. Outrageously, it was his compliance that enabled Respondents to arrest him and sweep him across state lines to be detained without bond, contrary to well-established law and antithetical to ideal of liberty. The Court cannot permit this injustice.

For these reasons, the Court grants Mairambekov's petition for a writ of habeas corpus. The Court orders Respondents to immediately release Mairambekov from custody and to provide him with a bond hearing pursuant to § 1226(a) within five calendar days of this Order.

The Clerk is further ordered to substitute Brinson Swearingen, currently Mairambekov's immediate custodian, as the Respondent and to amend the case name in CM/ECF to reflect this change. The Court's prior Order stands that, so long as he is in custody, Mairambekov is not to be removed from the jurisdiction of the United States and shall not be transferred to any judicial district outside the states of Illinois, Wisconsin and Indiana. If Mairambekov is transferred to another facility or other location, Respondent must notify the Court and Mairambekov's counsel.

**IT IS SO ORDERED.**

_____

Sharon Johnson Coleman
United States District Judge

DATED: 2/25/2026

6